**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.  16-CR-140-GKF |
| ) | |
| SEBASTIAN CRUZ-ARIAS, ) | |
| ISRAEL ALAMEA MARTINEZ, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Cruz-Arias' unopposed Motion for a New Scheduling Order (Doc. # 28) and Defendant Martinez' Unopposed Motion for Continuance of All Dates in Scheduling Order (Doc. # 24).  Defendants request a new scheduling order including continuance of the jury trial now set for December 19, 2016.

A scheduling order was issued on November 10, 2016, setting a trial date of December 19, 2016.  (Doc. # 19).  The Speedy Trial Act requires that matters be tried within seventy non-excludable days which in this case is currently February 6, 2017.  At the pretrial conference, the Defendants requested that the trial date be continued until the February trial docket and the trial date would be February 21, 2017, which is beyond the seventy day limit.  The United States does not oppose the continuance.

In support of the motions, Defendants have informed the Court that there are a number of audio and video recordings that are in the process of being copied and translated from Spanish to English.  Counsel for the government, after meeting with the federal agents involved with the process of producing the recordings and transcripts, reported that it would take about thirty days for

that process to be complete. The Court discussed this with counsel at the pretrial conference held on December 9, 2016, and finds that, even assuming that the discovery would be available by December 30, 2016, at the earliest, there would be insufficient time for defense counsel to review the information, disclose it to their clients, and file motions prior to a pretrial conference in January if the trial of this matter was continued to the January 17, 2017, trial docket. There would also be insufficient time for the government to respond to any motions and for the Court to have time to consider such filings.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-1049 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional

time." Id. at 1271.  This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance.  Id. at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act.  Id. at 1273.

Defendants ask the Court to continue all deadlines in the present scheduling order for approximately sixty (60) days to allow discovery disclosure to be completed, for defendants and counsel to receive and review forthcoming discovery, for counsel to conduct investigation, to confer with their clients, to prepare pretrial motions, and to prepare for trial The case is currently set for trial on December 19, 2016, and the Court agrees with the parties that such a setting does not provide adequate and reasonable time for defendants to prepare for trial.  Both Mr. Cruz-Arias and Mr. Martinez have signed written waivers of the Speedy Trial Act and, when questioned by the Court regarding these waivers, both affirmatively acknowledged they understood their rights and wished to waive the seventy day period and have their cases set for jury trial on February 21, 2017.

The Court finds that Defendant's request for a 60 day extension of all deadlines is reasonable and the request for an ends of justice continuance should be granted.  In addition to the interests of the Defendants, the Court has considered the public's interest in the speedy resolution of criminal case and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendants' unopposed motions (Doc. # 24,  Doc. # 28) are granted and that the scheduling order entered on November 10, 2016 (Doc. # 19) is **stricken**.

**IT IS FURTHER ORDERED** that the following scheduling order be entered:

Motions due: 1/17/2017

Response due: 1/27/2017

PT/CP/Motions Hearing: 2/9/2017 at 1:30 p.m.

Voir dire, jury instructions, and trial briefs due: 2/14/2017

Jury Trial: 2/21/2017 at 9:30 a.m.

**IT IS FURTHER ORDERED that time between December 19, 2016, and February 21, 2017 is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).**

DATED this 14th day of December, 2016.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT